JON M. SANDS
Federal Public Defender
**RYAN MOORE**
Assistant Federal Public Defender
State Bar No. 023372
407 W. Congress St., Suite 501
Tucson, AZ 85701-1716
Telephone: (520) 879-7500
*ryan_moore@fd.org*
Attorney for Movant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Holmes,<br><br>    Movant,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | No. 4:16-cv-00644-JGZ<br><br>[4:12-cr-02410-JGZ-1]<br><br>**MOVANT'S RESPONSE IN OPPOSITON TO GOVERNMENT'S MOTION TO STAY PROCEEDINGS (DOC. 4)** |

Movant, Stephen Holmes, opposes the Government's motion to stay proceedings pending a decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (June 27, 2016) (No. 15-8544), which was argued on November 28, 2016, but may not be decided for up six more months. In seeking a stay pending the resolution of another case, the Government has not met its burden to "make out a clear case of hardship or inequity" in being required to go forward. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1120-21 (9th Cir. 2000).

Although there is little risk the reduced term of imprisonment that Movant seeks would be exceeded by time served before a decision in *Beckles*, a potential delay of up to six months could become prejudicial if prolonged litigation or an appeals is required.

However, Movant notifies the Court that his 131-month sentence was imposed concurrently with a 151-month sentence previously imposed in a 2010 federal bank robbery case in the Northern District of California. (No 4:12-cr-02410-JGZ, Doc. 28;

SOR.) In the California case, Movant filed a very similar Motion under § 2255—and the district court denied the Government's motion for a stay pending *Beckles*—however, the district court recently denied the Motion under § 2255. *Holmes v. United States*, No. 3:10-cr-108-SI-1, Doc. 38 (N.D. Cal. Nov. 28, 2016).

**DISCUSSION**

1. The Government has not established the *Beckles* even applies because it has not filed a Response to Movant's Motion under § 2255 asserting affirmative defenses (i.e., non-retroactivity, statute of limitations, etc.). As Chief Judge Collins has ruled in several similar stay requests, "[a]s the government has not yet filed a response in this matter it is not clear that this Court must reach issue(s) pending . . . in *Beckles* . . . in order to resolve Petitioner's § 2255 motion." *Moore v. United States*, No. 4:16-cv-01915-RCC, Doc. 8 (D. Ariz. Nov. 28, 2016); *Samaniego-Lugo v. United States*, No. 4:16-cv-00247-RCC, Doc. 15 (D. Ariz. Aug. 8, 2016); *see also Day v. McDonough*, 547 U.S. 198, 209-11 (2006) (holding that a district court need not apply an affirmative defenses not raised in an answer).

2. The Government has not met its burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The standard for a "*Landis* stay" pending resolution of another case requires balancing "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Further, in habeas cases, a court must also consider whether a stay pending resolution of another case will allow the petition to be adjudicated in a reasonable time. *Yong v. I.N.S.*, 208 F.3d 1116, 1119-20 (9th Cir. 2000)

("[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.").

In *Landis*, a district court stayed a civil proceeding pending a Supreme Court decision in another case, reasoning that "even if it should not dispose of all the questions involved," the other case "would certainly narrow the issues and assist in the determination of legal questions." 299 U.S. at 253. The Supreme Court recognized the inherent power of a court to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but it nevertheless vacated the stay. *Id.* at 254, 259. The Court held that "if there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Id.* at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

Here, the justification offered by the Government is to promote efficiency by possibly avoiding an appeal that presents the issues that might be decided in *Beckles*. But if this Court's ruling is later reversed by *Beckles*, any pending appeal would likely be summarily dismissed or remanded under Ninth Circuit Rule 3-6, possibly even before any substantive briefing is required. On the other hand, if the Court rules in favor of the Movant—at least with respect to the issues presented in *Beckles*—and that ruling is later affirmed by *Beckles*, then Movant's case will be that much farther along whenever *Beckles* is decided, which would "promote efficiency."

Moreover, simply "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. "[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*). And in habeas cases, the saving of

3

attorney time and judicial resources is not the sort of "hardship" that can outweigh a substantial risk of overserving prison time. *See Yong*, 208 F.3d at 1120 ("Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'") (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)). Thus, the Government has not met its burden to show that it is entitled to a stay.

Meanwhile, numerous courts have held that *Johnson II* is retroactively applicable to the Guidelines.[1] Numerous courts have denied stay requests cases pending *Beckles*—

---

[1] *See, e.g.*, *In re Patrick*, --- F.3d ----, 2016 WL 4254929, at *3 (6th Cir. Aug. 12, 2016); *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016); *In re Encinias*, 821 F.3d 1224, 1225 (10th Cir. 2016); *Stork v. United States*, No. 15-2687, 2015 WL 5915990, at *1 (7th Cir. Aug. 13, 2015) (unpublished). *But see Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016); *In re Arnick*, 826 F.3d 787 (5th Cir. 2016); *In re Griffin*, 823 F.3d 1350, 1355 (11th Cir. 2016). For 24 examples of district court cases, *see United States v. Tomisser*, 2:11-cr-2115, Slip. Op. at 7 n.1 (E.D. Wash. Jul. 11, 2016); *United States v. Ortega*, CR-11-0087-RMP (E.D. Wash. July 1, 2016); *United States v. Robinson*, CR-13-0079-RMP (E.D. Wash. July 1, 2016); *Moring v. United States*, 2016 WL 918050, at *5 (W.D. Tenn. Mar. 8, 2016); *Dean v. United States*, --- F. Supp. 3d ----, 2016 WL 1060229, at *12-16 (D. Or. March 15, 2016); *United States v. Ramirez*, --- F. Supp. 2d ----, 2016 WL 3014646 (D. Mass. May 24, 2016); *United States v. Boone*, 2:12-cr-00162, Doc. 1227 (W.D. Pa. May 31, 2016); *Gibson v. United States*, 3:15-cv-05737-BHS (W.D. Wash. June 15, 2016); *United States v. Arredondo*, No. 2:12-CR-2084-SAB, 2016 WL 3448596 (E.D. Wash. June 20, 2016); *Townsley v. United States*, No. 3:14-CR-146-RPC-1, Memo. (M.D. Pa. June 23, 2016); *Gilbert v. United States*, No. CV15-1855-JCC, 2016 WL 3443898 (W.D. Wash. June 23, 2016), *appeal docketed*, No. 16-35529 (9th Cir. June 28, 2016); *United States v. Cloud*, No. CR-10-2077-RMP, 2016 WL 3647785 (E.D. Wash. June 24, 2016); *United States v. Bercier*, --- F. Supp. 3d ----, 2016 WL 3619638 (E.D. Wash. June 24, 2016) (No. CR-13-102-RMP); *United States v. Plumlee*, No. CR-10-2037-RMP (E.D. Wa. June 24, 2016); *United States v. Rios*, No. CR-11-0197-RMP (E.D. Wa. June 24, 2016); *United States v. Castilleja*, No. CR-12-2040-RMP (E.D. Wa. June 24, 2016); *United States v. Stamps*, 4:13-cr-238-CW (N.D. Cal.) (June 29, 2016) (granting § 2255 relief) (ECF No. 57); *id.* (July 6, 2016) (denying government's motion to stay resentencing pending *Beckles*, ECF No. 62); *United States v. Hawkins*, No. 8:13-cr-00343, Memo. and Order (D. Neb. June 30, 2016); *United States v. Edmonson*, CR-13-0144-RMP (E.D. Wash. July 5, 2016); *United States v. Hoopes*, No. 3:11-cr-00425, Opinion and Order (D. Or. July 5, 2016); *Bennett v. United States*, No. 1:94-cr-11-GZS, 2016 WL 3676145 (D. Me. July 6, 2016); *United States v. Beck*, No. 8:13-cr-62-JFB-TDT, 2016 WL 3676191 (D. Neb. July 6, 2016); *United States v. Gentry*, No. 3:12-cr-604-SI, 2016 WL 3647331(D. Or. July 7, 2016); *Fife v. United States,* No. 1:03-cr-00149, Order (S.D. Ohio July 13, 2016).

4

after certiorari had been granted in *Beckles*.[2] In addition to denying stay requests knowing that *certiorari* had been granted in *Beckles*, several courts have granted substantive relief.[3] The Tenth Circuit recently issued writs of mandamus in several cases ordering district courts to lift stays pending *Beckles* and to consider § 2255 motions on the merits. *See*, *e.g.*, *United States v. Smith*, No. 16-8091, --- F. App'x ----, 2016 WL 6609499, at *1 (10th Cir. Nov. 9, 2016) (unpublished) (citing two other cases).

3. The Government also argues that Movant would not be prejudiced by a stay because the granting of certiorari in *Beckles* shows that the Supreme Court has not yet recognized a "right" to bring a collateral challenge based on *Johnson II* to the residual clause of U.S.S.G. § 4B1.2, as required to file outside of the one-year limitations period under 28 U.S.C. § 2255(f)(3).

---

[2] *See, e.g.*, *Samaniego-Lugo v. United States*, No. 4:16-cv-00247-RCC, Doc. 15 (D. Ariz. Aug. 8, 2016); *United States v. Branagh*, 16-CV-1031-JVS, Doc. 10 (C.D. Cal. July 22, 2016); *United States v. Blacksher*, CR04-30-JSW, Doc. 61 (N.D. Cal. July 19, 2016) *Carter v. United States*, No. 2:16-cv-03746-TJH, Doc. 10 (C.D. Cal. July 19, 2016); *Willis v. United States*, No. 2:16-cv-03814-TJH, Doc. 10 (C.D. Cal. July 19, 2016); *Knox v. United States*, No. 3:16-cv-05502-BHS, Doc. 5 (W.D. Wash. July 19, 2016); *United States v. Bernard*, CR08-463-JSW (N.D. Cal. July 19, 2016); *United States v. Phillips*, CR-06-179-PJH, Doc. 120 (N.D. Cal. July 18, 2016); *United States v. Pettis*, 8:16-cv-01081-DOC, Doc. 8 (C.D. Cal. July 15, 2016); *United States v. Jefferson*, CR14-105-EMC, Doc. 47 (N.D. Cal. July 14, 2016); *United States v. Martinez*, CR07-793-CW, Doc. 48 (N.D. Cal. July 8, 2016); *United States v. Moore*, CR10-469-CW, Doc. 99 (N.D. Cal. July 7, 2016) (same); *United States v. Stamps*, CR13-238-CW, Doc. 62 (N.D. Cal., July 6, 2016) (same); *United States v. Garcia*, CR13-601-JST, Doc. 72 (N.D. Cal. July 6, 2016); *United States v. Edmondson*, 13-CR-144-RMP, Doc. 75 (E.D. Wash. July 1, 2016); *United States v. Ortega*, 11-CR-87-RMP, Doc. 91 (E.D. Wash. July 1, 2016); *United States v. Robinson*, 13-CR-79-RMP, Doc. 66 (E.D. Wash. July 1, 2016) (same); *United States v. Tomisser*, No. 2:11-CR-2115-EFS (E.D. Wash. July 11, 2016) (proceeding despite acknowledging *Beckles*).

[3] *Stamps*, 4:13-cr-239-CW, Doc. 57 at 10; *Tomisser*, 2:11-cr-2115-EFS, Doc. 81 (granting relief in a career offender case, finding *Johnson* retroactive, and setting sentencing hearing); *United States v. Gentry*, 2016 WL 3647331 (D. Or. July 7, 2016); *United States v. Hoopes*, 3:11-cr-425-HZ, Doc. 43 (D. Or. July 5, 2016) (granting relief in a career offender case, finding *Johnson* retroactive and ordering immediate resentencing, shortly after government file stay motion in the same case).

5

Section 2255(f)(3) provides for a one-year limitations period to run from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court has held that the one-year period begins on the date on which the Supreme Court "initially recognized" the "right asserted," and not on a later date on which a court recognizes that right as applying retroactively. *Dodd v. United States*, 545 U.S. 353 (2005) (holding the date the court of appeals made the "right" retroactively applicable "has no impact whatsoever on the date from which the 1-year limitation period . . . begins to run.").

Here, the "right asserted"—that a residual clause that depends on a judge-imagined abstraction of an ordinary case of a crime is void for vagueness—was "initially recognized" by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), on June 26, 2015. Thus, because Movant's motion asserting that "right" was filed within one year of that decision, it will be timely under § 2255(f)(3) if this Court determines that the right applies retroactively on collateral review, regardless of when that occurs.

## CONCLUSION

Because the Government has shown no hardship or inequity in being required to go forward, and because judicial efficiency alone is not a valid basis to justify an potentially lengthy stay in a habeas case, Movant respectfully asks the Court to deny the request for a stay and adjudicate the merits of his Motion under § 2255.

RESPECTFULLY SUBMITTED: December 5, 2016

                                          JON M. SANDS
                                          Federal Public Defender

                                          *s/ Ryan Moore*
                                          J. RYAN MOORE
                                          Assistant Federal Public Defender

By ECF this date to:
AUSA Matt Cassell